MEMORANDUM *
Francisco Santiago-Hernandez appeals the sentence imposed by the district court following his guilty plea to illegal reentry after deportation in violation of 8 U.S.C. § 1326(a). We affirm.
Santiago-Hernandez argues that the district court committed reversible error by supposedly negotiating the sentence with him, relying on United States v. Gonzalez-Melchor, 648 F.3d 959 (9th Cir.2011). There was no negotiation. The record shows that the district judge was thinking out loud about his possible sentencing options and invited the defendant to comment. The defendant objected to one of the options, and the judge imposed the other one. This is unlike Gonzalez-Melchor, where a reduced sentence was offered in exchange for an appeal waiver. See id. at 965.
Santiago-Hernandez also argues that the district court committed procedural error by failing to explain sufficiently why a twelve-month prison sentence, followed by one year of supervised release was not greater than necessary under 18 *842 U.S.C. § 3553(a), given that the court was also contemplating a possible five-year probationary sentence. However, the court explained that the defendant’s serious and recent prior record and the danger to the public he posed called for a sentence involving both incarceration and a period of supervision. The sentence imposed was well below the statutory maximum and not unreasonable.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.